# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8520 | **DATE** | 8/18/2004 |
| **CASE TITLE** | Directv, Inc. vs. Robert Sampey, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss (9-1) is granted in part and denied in part. The motion to dismiss is granted as to Counts III and V, and denied as to Count I, II, and IV. Defendant's motion for a more definite statement (9-2) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 19 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 2004 AUG 18 PM 8:00 | | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 03 C 8520 |
| v. ) | |
| ) | Judge George W. Lindberg |
| ROBERT SAMPEY, JR., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
AUG 1 9 2004

**MEMORANDUM OPINION AND ORDER**

Defendant Robert Sampey, Jr. has moved to dismiss the complaint, or, in the alternative, for a more definite statement. For the reasons stated below, the motion to dismiss is granted in part and denied in part, and the motion for a more definite statement is denied.

**I. Factual Background**

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, plaintiff DirecTV broadcasts satellite television programming. Plaintiff encrypts its satellite transmissions to prevent the unauthorized reception of its broadcasts by individuals who have not paid for plaintiff's service. The satellite receiving equipment used by plaintiff's customers contains a removable access card that is electronically programmed by plaintiff to unscramble the encrypted signals.

The complaint alleges that in November 2001, defendant purchased at least one multi-purpose pirate access device. Such devices enable users to intercept plaintiff's programming without authorization, as well as to illegally program valid DirecTV access cards to obtain free

access to plaintiff's programming.

Plaintiff's five-count complaint alleges that defendant surreptitiously possessed and used equipment designed to illegally intercept and decrypt plaintiff's satellite television transmissions, in violation of 47 U.S.C. § 605(e)(3)(C) (Count I); 18 U.S.C. § 2511 (Count II); 18 U.S.C. § 2512 (Count III); and 47 U.S.C. § 605(e)(4) (Count IV). The complaint also contains a state-law civil conversion claim (Count V).

**II. Discussion**

**A. Federal Rule of Civil Procedure 9(b)**

Defendant moves to dismiss the complaint in its entirety, or, in the alternative, for a more definite statement, on the basis that plaintiff failed to plead its claims with particularity under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." This requirement is triggered whenever a complaint contains allegations that amount to fraud. See Levitan v. McCoy, No. 00 C 5096, 2001 WL 1117279, at *3 (N.D. Ill. Sept. 21, 2001). Thus, the court's initial task is to determine whether plaintiff's allegations amount to fraud.

Defendant first argues that plaintiff's claims sound in fraud because they are based on allegations that defendant used pirate access devices to decrypt plaintiff's signals without authorization, which defendant likens to allegations that he committed acts of misrepresentation. Essentially, defendant appears to be arguing that plaintiff alleges that he used the pirate access devices to electronically deceive plaintiff's system into believing that defendant was an authorized customer, and thus gain access to plaintiff's programming.

As defendant notes, computer codes have been found to have an expressive component.

See Universal Studios, Inc. v. Corley, 273 F.3d 429, 449 (2d Cir. 2001) (concluding that computer code can merit First Amendment protection). Here, however, defendant did not express a fraudulent identity to plaintiff, so much as he allegedly used pirate access devices as keys that allowed him to tap into plaintiff's satellite transmissions. The court concludes that plaintiff's allegations that defendant used access devices to decrypt plaintiff's signals do not amount to fraud.

Defendant next argues that plaintiff's characterization of defendant's acts as "surreptitious" is tantamount to an allegation of fraud. The court finds this argument to be unpersuasive. While "surreptitious" may be defined as "marked or accomplished by fraud or suppression of truth," the court finds an alternate definition to be more fitting to the circumstances: "acting in secret or by stealth: doing something clandestinely: SLY, STEALTHY." See Webster's Third New International Dictionary 2302 (1986).

Plaintiff's allegation that the "loader component of the device [purchased by defendant] allows the surreptitious interception of DIRECTV Satellite Programming" tracks the language of 18 U.S.C. § 2512, which prohibits the manufacture, assembly, possession or sale of any device, "knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications . . . ." Courts have not construed "surreptitious," in the context of this statute, to mean "fraudulent." See United States v. Pritchard, 773 F.2d 873, 879 (7th Cir. 1985) ("the statutory language of section 2512(1)(b) does not limit the class of prohibited devices to those which look like something they are not"). Rather, courts have construed "surreptitious" to mean "secret":

Although the term "surreptitious" is not defined in the statute itself, its dictionary

3

definition is well established: secret and unauthorized; clandestine; action by stealth or secretly. It is clear that this device operates surreptitiously, that is, without authority, secretly, and clandestinely. It is clear that the device was designed to intercept satellite television signals without detection by the programmers of pay-television.

United States v. Herring, 993 F.2d 784, 786 (11th Cir. 1993); accord United States v. Lande, 968 F.2d 907, 910 (9th Cir. 1992) (interception of signals is "surreptitious" because providers of programming are unaware of interception); United States v. McNutt, 908 F.2d 561, 565 (10th Cir. 1990) (same); United States v. Bast, 495 F.2d 138, 143 (D.C. Cir. 1974) ("The words 'surreptitious interception' connotes [sic], in plain and ordinary usage, 'secret listening.'"). Moreover, nothing in the legislative history of the statute contradicts this interpretation.[1]

Since plaintiff's claims do not sound in fraud, the heightened pleading requirements of Rule 9(b) are inapplicable. Instead, the allegations in the complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The court concludes that plaintiff's allegations adequately give defendant fair notice of its claims against him. Accordingly, the court denies defendant's motion to dismiss the complaint as inadequately pled, and denies defendant's alternative motion

---

[1] Senate Report 90-1097 discusses this portion of the 1968 statute:

The crucial test is whether the design of the device renders it primarily useful for surreptitious listening . . . . The prohibition will thus be applicable to, among others, such objectionable devices as the martini olive transmitter, the spike mike, the infinity transmitter, and the microphone disguised as a wristwatch, picture frame, cuff link, tie clip, fountain pen, stapler, or cigarette pack . . . .
 . . . To be prohibited the device would also have to possess attributes that give predominance to the surreptitious character of its use, such as the spike in the case of the spike mike or the disguised shape in the case of the martini olive transmitter and the other devices mentioned in the preceding paragraph.

S. Rep. No. 90-1097 (1968), reprinted in 1968 U.S.C.C.A.N. 2112, 2183-84, 1968 WL 4956.

4

for a more definite statement.

### B. Civil Liability Under 18 U.S.C. § 2512

Defendant also moves to dismiss Count III, which alleges a violation of 18 U.S.C. § 2512, on the basis that plaintiff has no private right of action for such a violation. As noted above, Section 2512, a criminal statute, prohibits the possession of signal theft devices. See 18 U.S.C. § 2512(1)(b). Plaintiff seeks a civil remedy for this violation, pursuant to 18 U.S.C. § 2520. Defendant contends that Count III should be dismissed because Section 2520 does not permit a civil cause of action for mere possession of a pirate access device.[2]

Section 2520 provides:

> ... [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The question of whether a civil remedy lies for mere possession of signal theft devices has divided the courts in this district and elsewhere. The majority view is that no civil remedy is permitted for mere possession of these devices. See, e.g., DirecTV, Inc. v. Treworgy, 373 F.3d 1124, 1129 (11th Cir. 2004); DirecTV v. Roush, 03 C 9047, 2004 WL 1718441, at *2 (N.D. Ill. July 29, 2004) (Andersen, J.) (collecting cases). The courts that take this view reason that the phrase "which engaged in that violation," as used in Section 2520, refers to the violations of intercepting, disclosing, or intentionally using protected communications. See, e.g., Treworgy, 373 F.3d at 1127; Roush, 2004 WL 1718441, at *2. These courts conclude that

---

[2] The interception, disclosure, and use of protected electronic communications are proscribed by 18 U.S.C. § 2511. Count II of plaintiff's complaint alleges a violation of this section, and defendant does not contend that there is no private right of action for that violation pursuant to Section 2520.

5

under the plain language of Section 2520, a private cause of action lies only for the interception, disclosure, or use of a signal theft device. See id.

The courts that have permitted a private right of action for mere possession of signal theft devices under Section 2520 interpret "that violation" to refer to any violation of the chapter, including a violation of Section 2512. See, e.g., DirecTV, Inc. v. Dillon, No. 03 C 8578, 2004 WL 906104, at *2 (N.D. Ill. Apr. 27, 2004) (Aspen, J.); DirecTV v. Dyrhaug, No. 03 C 8389, 2004 WL 626822, at *1-2 (N.D. Ill. Mar. 26, 2004) (Shadur, J.); DirecTV, Inc. v. Gatsiolis, No. 03 C 3534, 2003 WL 22111097, at *2 (N.D. Ill. Sept. 10, 2003) (Coar, J.).

This court agrees with the majority view that Section 2520 does not permit a private right of action for mere possession of a signal theft device. Under the plain language of the statute, a civil remedy may be sought by plaintiffs whose protected communications are intercepted, disclosed, or intentionally used, against defendants who intercept, disclose, or intentionally use such communications. Defendant's motion to dismiss Count III is granted.

### C. Conversion

Finally, the court turns to defendant's motion to dismiss Count V of plaintiff's complaint. Defendant contends that this claim for conversion must fail because Illinois law does not recognize a claim for conversion where the property at issue is intangible, and where plaintiff was not deprived of the benefit of it. This is a close question which has divided the courts in this district. See DirecTV v. Ostrowski, No. 03 C 8618, 2004 WL 1102419, at *4 (N.D. Ill. May 12, 2004) (Filip, J.) (collecting cases).

The latest discussion by the Illinois Supreme Court that is relevant to this issue appears in In re Thebus, 483 N.E.2d 1258 (Ill. 1985). In that case, the Illinois Supreme Court quoted

numerous statements of law defining conversion, including the following:

> The Restatement defines conversion as follows: "(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." This court has stated that "[a] conversion is any unauthorized act, which deprives a man of his property permanently or for an indefinite time ***." ... In 18 Am.Jur.2d *Conversion* sec. 9, at 164 (1965), it is stated: "It is ordinarily held, ... that an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible ***."

Id. at 1260 (citations omitted). The court then stated that common to these and other statements of the law of conversion was "the idea that the subject of conversion is required to be an identifiable object of property of which the plaintiff was wrongfully deprived." Id.

Since Thebus, the Illinois Appellate Court has reached conflicting results on the issue of whether an action for conversion may lie where intangible property is involved. Compare Stathis v. Geldermann, Inc., 692 N.E.2d 798, 807 (Ill. App. Ct. 1st Dist. 1998) (stating that "[i]n this State, ... parties may recover for conversion of intangible assets.") and Conant v. Karris, 520 N.E.2d 757, 763 (Ill. App. Ct. 1st Dist. 1987) (holding that the unauthorized use of confidential information could be the subject of a conversion action) with Bilut v. Northwestern Univ., 692 N.E.2d 1327, 1334 (Ill. App. Ct. 1st Dist. 1998) (reiterating the Thebus court's statement that "an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible.").

These cases show that the law in Illinois is not clear on the issue of whether intangible property may be the subject of a conversion claim. However, as Judge Coar notes in DirecTV v. Patel, No. 03 C 3442, 2003 WL 22682443, at *2-3 (N.D. Ill. Nov. 12, 2003), in both cases in which a conversion claim involving intangible property was allowed, the plaintiffs were

7

completely deprived of the ability to benefit from the converted property. These results are consistent with the notion that the property owner's deprivation of the converted property is an important component of conversion, as shown in the statements of law quoted by the Illinois Supreme Court in Thebus. The court agrees with Judge Coar's conclusion in Patel that "[t]he Illinois courts have not broadened the common law tort of conversion so far as to permit" recovery where the owner of the property allegedly converted was not deprived of the benefit of that property. See Patel, 2003 WL 22682443, at *3. Here, plaintiff was not deprived of the benefit of its satellite signals, despite any actions by defendant. Accordingly, defendant's motion to dismiss plaintiff's conversion claim in Count V is granted.

**ORDERED:** Defendant's motion to dismiss [9-1] is granted in part and denied in part. The motion to dismiss is granted as to Counts III and V, and denied as to Counts I, II, and IV. Defendant's motion for a more definite statement [9-2] is denied.

ENTER:

*George W. Lindberg*
George W. Lindberg
Senior United States District Judge

DATED: AUG 1 3 2004